

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WMN:SJM
F. #2006R00910

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

October 8, 2010

By ECF

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   United States v. Holger Bermillo
>         Criminal Docket No. 06-379 (S-1)(SLT)

Dear Judge Townes:

    The government respectfully submits this letter to respond to the defendant Holger Bermillio's sentencing submissions dated June 16, 2010 and October 6, 2010.  For the reasons stated below, the government does not oppose the defendant's request for a sentence below the applicable United States Sentencing Guidelines ("Guidelines") range.  The defendant is currently scheduled to be sentenced by the Court on October 18, 2010, at 10:30 a.m.

I.   The Defendant's Offense Conduct

    As detailed in the United States Probation Department's Pre-Sentence Investigation Report (the "PSR"), the defendant was a drug courier who picked up packages of drugs shipped from South America.  He is accountable for one kilogram of cocaine that was supposed to be inside a package he picked up on the day he was arrested, May 5, 2006.  The parcel had been intercepted by law enforcement and thus the parcel no longer contained cocaine when Bermillo picked it up.  As a courier, Bermillo qualifies for the minimal-role reduction and he also is safety-valve eligible.  The parties agree that his Total Offense Level is 17, he has no criminal history, and his Guidelines range is 24 to 30 months.

    The defendant was cooperative at the time of his arrest and provided helpful information, but ultimately did not have sufficient information for a cooperation agreement.  At the time

of his initial arrest, the government declined prosecution.  The
defendant refers to this as a "no prosecution" agreement, but no
such agreement was ever reached, as the decision not to prosecute
the defendant at that time was made unilaterally by the
government.  The government subsequently reconsidered and
indicted the defendant for his involvement in drug trafficking.
He pled guilty to Count Two of the superseding indictment, which
relates to his picking up the package on May 5, 2006.

II.    Defendant's Sentencing Arguments

    A.    Claimed Violation of a Non-Prosecution Agreement

The defendant's leading reason why he should receive a
lenient sentence is that allegedly the government promised not to
prosecute him for his drug dealing activity.[1]  First, this is
factually incorrect as the government's decision was unilateral
and not part of any agreement.  Second, even if it were true,
such a promise is not a legal basis for reducing a sentence and
has no bearing on the defendant's guilt.

As an initial matter, the government never promised the
defendant that he would never be prosecuted for his drug
trafficking.  Instead, at the time of his initial arrest, the
government declined to prosecute him based on the evidence then
available and the status of the investigation.  The government
continued its investigation and ultimately decided to charge the
defendant.  Prior to doing so, the government attempted to
contact the defendant, but could not locate him.  Thereafter, at
the conclusion of the government's investigation, it indicted the
defendant.

Obviously, the agent's release of the defendant after
his initial arrest is not a legal bar to future prosecution.  In
addition, there was nothing in the government's conduct that has
put defendant in a worse position than he would be in if the
government had simply proceeded with the prosecution at the time
of his initial arrest.  The defendant does not claim that he
somehow detrimentally relied on the government's purported
promise not to prosecute him.  In fact, as described in Point III
below, the defendant took the opportunity of his release to
demonstrate to the Court that he could be a productive member of
society.

---

[1]    To the extent that the defendant blames the government
for his current predicament, his complaints contradict his claims
of acceptance of responsibility.

3

    B.    <u>Government's Refusal to Make a 5K1.1 Motion</u>

In a similar vein, the defendant complains that the government has refused to make a motion under Section 5K1.1 of the Guidelines on his behalf. The government's decision not to make a 5K1.1 motion lies within its discretion. Here, the defendant provided law enforcement some limited information at the time of his arrest. Based on subsequent interviews, the government determined that he did not have additional information about criminal activity. Thus, the government did not believe he could provide the substantial assistance necessary to qualify for a 5K motion. The defendant has not pointed to any evidence to the contrary.

    C.    <u>History and Characteristics of the Defendant</u>

The government believes that the defendant's efforts to live a productive and law-abiding life since his encounter with law enforcement in 2006 warrant the Court's consideration. While the defendant's work history before his arrest in 2006 was nearly non-existent, since the arrest he has been consistently employed. Furthermore, since November 2007 the defendant has held both a full-time job and a part-time job. (PSR ¶¶ 48, 49).

III. <u>Conclusion</u>

Taking into account all the sentencing factors under 18 U.S.C. §3553(a), the government believes that a sentence below the Guidelines is reasonable and appropriate.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                By:       /s/
                     Stephen J. Meyer
                     Assistant U.S. Attorney
                     (718) 254-6386

cc:    Joseph L. Ramirez, Esq. (via ECF)
       Clerk of the Court (SLT) (via ECF)